En el Tribunal Supremo de Puerto Rico

| In Re:<br><br>Froilán Oscar Pérez Monfort | Expediente Personal<br><br>98TSPR150 |
| --- | --- |

Número del Caso: TS-6573

Abogado de la Parte Querellante:    Lcdo. Carlos Lugo Fiol
                                    Procurador General

Abogado de la Parte Querellada:    Lcdo. Francisco Menay Rivera

Fecha: 11/12/1998

Materia:

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Froilan Oscar Pérez Monfort

TS-6573

PER CURIAM

San Juan, Puerto Rico, a 12 de noviembre de 1998

El Lcdo. Froilan Oscar Pérez Monfort fue admitido al ejercicio de la profesión de abogado el 7 de noviembre de 1979. En el 1997, a éste se le imputaron varios delitos, graves y menos graves. En la vista preliminar celebrada el 5 de febrero de 1997, en el Tribunal de Primera Instancia, Subsección del Tribunal de Distrito, Sala de Mayagüez, Casos Núm. VP96-3791 a 3794, infracción al Art. 95 del Código Penal, 33 L.P.R.A. sec. 4032, y al Art. 4 de la Ley de Armas de Puerto Rico, 25 L.P.R.A. sec. 414, el imputado invocó la defensa de no procesabilidad al amparo de la Regla 240 de Procedimiento Criminal, 34

L.P.R.A. Ap. II. Alegó que había estado recluido en el First Hospital Panamericano. Presentó como prueba para sostener su defensa de insanidad mental un certificado médico expedido por la Dra. Mollins, con fecha de 13 de diciembre de 1996. El tribunal lo refirió a un psiquiatra forense para examen sobre su procesabilidad.

El 26 de febrero de 1997, el licenciado Pérez Monfort fue examinado por el Psiquiatra Forense Dr. Rafael Cabrera. Este lo encontró no procesable. Al día siguiente fue recluido en el First Hospital Panamericano en Cidra.[1]

El licenciado Pérez Monfort informó mediante comunicación escrita que no había estado ejerciendo la profesión de abogado y que por compromiso contraido con el Ministerio Público y el Tribunal de Instancia, no ejercería la profesión de abogado hasta tanto no se dilucidaran completamente los casos que tenía pendientes. Expresó además, que desistía de ejercer su profesión, pero esto lo hacía sin renunciar a la misma.

El 7 de marzo de 1997 remitimos el asunto al Procurador General con la encomienda de evaluar el mismo con carácter prioritario.

El 8 de mayo de 1997, el Procurador General presentó su Informe. Recomendó se le permitiese al licenciado Pérez Monfort renunciar voluntariamente al ejercicio de la profesión de abogado.

---

[1] Expediente Núm. 01-4957, "Attending Physician, Dr. Caro."

El 30 de mayo de 1997 instruimos al Procurador General iniciar el procedimiento dispuesto por la Regla 15 del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI-A, para los casos en que surjan dudas sobre la capacidad mental de un abogado.

Iniciado dicho procedimiento, el 1 de agosto de 1997 se ordenó al licenciado Pérez Monfort comparecer ante el Dr. Víctor J. Lladó, psiquiatra designado por el Comisionado Especial, para el examen de evaluación sobre su condición mental.

De otra parte, a solicitud del Procurador General, se designó a la Dra. Cynthia Casanova Pelosi, médico psiquiatra, para formar parte del Panel de Psiquiatras dispuesto por la Regla 15 del Reglamento del Tribunal Supremo. El tercer médico que integró el Panel de Psiquiatras lo fue el Dr. Rafael Capestani, por designación del abogado querellado.

Luego de examinar al licenciado Pérez Monfort y estudiar los expedientes de hospitalización del First Hospital Panamericano y del Hospital San Juan Capestrano, el Dr. Lladó rindió un informe sobre sus hallazgos y su diagnóstico respecto a la condición mental del abogado Pérez Monfort. Señaló que "al presente el licenciado Pérez Monfort se encuentra sumamente deprimido, con síntomas de episodios de llanto frecuente, melancolía perenne, sensación de angustia intensa, dificultades para conciliar el sueño, despertándose de tres a cuatro de la madrugada. Hay trastorno alimentario con disminución del apetito persistentemente, dificultad en la concentración y retentiva, y sensación de desmotivación

global y anergia (sic)." Expresó además, que el licenciado

Pérez Monfort, consciente de su estado emocional alterado,

voluntariamente y sin que mediare coerción alguna, aceptó que

no se encuentra capacitado para ejercer la profesión de la

abogacía. Añadió que el querellado ha sido diagnosticado

como padeciendo de un trastorno bipolar, que ha hecho crisis

depresivas frecuentes, incluyendo intentos suicidas, lo que

ocasionó el que tuviese que ser recluido hospitalariamente en

repetidas ocasiones. Finalmente indicó que el licenciado

Pérez Monfort hace algún tiempo que no acudía a tratamiento

psiquiátrico.

A tenor con lo antes expuesto, el Dr. Lladó llegó a las

siguientes conclusiones:

1. El estado depresivo severo que ha padecido y padece el licenciado Pérez [Monfort] al momento presente, como parte de un desorden matriz de tipo bipolar, interfiere apreciablemente con sus capacidades cognoscitivas y estabilidad anímica.

2. La condición psiquiátrica que padece el licenciado Pérez [Monfort] es de suficiente magnitud y alcance, estando activa al presente y requiriendo tratamiento psiquiátrico, y la misma impone unas discapacidades al paciente que no le permitirían desempeñarse en el ejercicio de la profesión como abogado acordes con las disposiciones de la Regla 15.

El licenciado Pérez [Monfort] no es capaz al momento presente entre otras cosas, de controlar los estados afectivos tempestuosos que padece producto de su enfermedad mental, lo cual en ocasiones lo ha ubicado en situaciones de peligrosidad. El licenciado Pérez [Monfort] no tiene suficiente capacidad para tolerar el estrés y los cambios afectivos que en ocasiones supondrá la práctica de su profesión, para la cual se requiere una mente clara y lúcida, y un control estable de su estado anímico.

El propio licenciado Pérez [Monfort] explícitamente establece que en efecto no siente la

disposición, ni la motivación, y que sabe no tener la suficiente capacidad para ejercer su profesión.

3. La condición psiquiátrica requerirá tratamiento psiquiátrico frecuente y continuado, consistente de psicofarmacología de tipo anti-depresiva y ansiolítica, carbonato de litio, al igual que también tratamiento psicoterapeútico. Dada la respuesta incompleta a tratamiento hasta el presente, y la magnitud actual de la condición psiquiátrica del licenciado Pérez [Monfort] el pronóstico actual es sombrío. (Informe del Comisionado Especial, pág. 3).

De otra parte, la Dra. Casanova Pelosi examinó al licenciado Pérez Monfort el 27 de agosto de 1997 y estudió una serie de documentos relacionados con su condición. No pudo examinar los expedientes completos del First Hospital Panamericano y del Hospital San Juan Capestrano por no tenerlos disponibles al momento de redactar su informe. Esta rindió informe sobre sus hallazgos y su diagnóstico respecto a la condición mental del licenciado Pérez Monfort el día 12 de noviembre de 1997. Entre sus hallazgos encontró los siguientes:

1. La primera hospitalización del señor abogado por su condición mental ocurrió en el 1994 y fue en el Hospital San Juan Capestrano. Estuvo hospitalizado diez días bajo tratamiento con cinco o seis medicamentos y se fue de alta contra consejo médico con el medicamento Zoloft, 50 mg. P.O. diarios.

2. La segunda hospitalización ocurrió a principios de 1996 en el First Hospital Panamericano. Esa hospitalización ocurrió mediante Ley 116 del Código de Salud Mental. La ex esposa del querellado solicitó su hospitalización de forma involuntaria. Su alta fue regular y con medicamentos.

3. La tercera hospitalización ocurrió en noviembre de 1996 también mediante Ley 116, esta vez solicitada por su padre por razón de síntomas de depresión. Estuvo hospitalizado catorce días. Este radicó una moción de habeas corpus por lo que su alta del hospital fue irregular.

4. Su cuarta hospitalización ocurrió a finales de febrero de 1997 a raíz de ser hallado no procesable en las causas criminales que se seguían contra dicho abogado. Esta última hospitalización duró aproximadamente veinte o veintiún días. Se le medicó Zoloft 50 mg. P.O. diarios y Depakote. Señala la Dra. Pelosi con relación al alta de esta hospitalización que la misma fue regular y que el paciente fue referido a tratamiento ambulatorio, pero que éste no fue a su cita y siguió tomando Zoloft por un mes. Posteriormente el licenciado Pérez Monfort visitó al Dr. Rivera Carrión quien le recetó Zoloft 100 mg. P.O. diarios. Desde entonces el paciente se provee de dicho medicamento a través de un propagandista médico.

5. Al momento de la entrevista del licenciado Pérez Monfort con la Dra. Pelosi éste llevaba dos semanas sin tomar medicamentos. Le expresó el abogado a la doctora que cuando le vienen los episodios maníacos se pone hiperactivo, disfruta de todo, no duerme pero se siente bien. Cuando le vienen los episodios de depresión se torna melancólico y los episodios le pueden durar meses. Según el señor abogado esos episodios no le han afectado su práctica legal en el campo de asunto de lo criminal.

La Dra. Casanova Pelosi determinó que el licenciado Pérez Monfort al presente estaba "incapacitado para mantener el patrón de conducta profesional que debe observar todo abogado." Señaló, además, que éste "ha manifestado durante los últimos años inestabilidad emocional, pobre control de impulsos, pobre juicio social y pobre introvisión con relación a su conducta, todos estos factores importantes a ser considerados en el ejercicio de su profesión como abogado. De todos estos factores el hecho de que al presente, y a pesar de cuatro hospitalizaciones psiquiátricas durante los últimos dos años, éste no está activamente envuelto en seguimiento psiquiátrico con medicamentos es un factor de pobre pronóstico, razón por la cual se recomienda

que éste se mantenga bajo tratamiento como condición para el ejercicio de su profesión." (Informe de la Dra. Casanova Pelosi, pág. 16).

Por último, el licenciado Pérez Monfort fue examinado por el tercer médico del Panel, el Dr. Roberto A. Capestany. Señaló el Dr. Capestany en su informe, que luego del licenciado Pérez Monfort recibir tratamiento psiquiátrico en el Hospital San Juan Capestrano, fue evaluado por la neuróloga, Dra. Melba Sotomayor, diagnosticado con un desorden maníaco depresivo, abuso de alcohol e insufiencia renal. Luego fue evaluado por el psiquiatra, Dr. José J. Zamora Alvarez, quien hizo un diagnóstico de desorden bipolar, tipo I, última fase depresiva severa con rasgos psicóticos e ideas suicidas. Dicho médico le adjudicó un GAF de 35-45. Indicó además, el Dr. Capestany que despúes de la última hospitalización del licenciado Pérez Monfort en el First Hospital Panamericano y ser dado de alta, el 21 de marzo de 1997, a pesar de que se le advirtió que debía continuar tratamiento psiquiátrico, éste no ha visitado médico alguno ni centro de tratamiento psiquiátrico. Añadió que también dejó de tomar las medicinas.

Contrario a la opinión de los otros dos médicos psiquiatras del Panel, el Dr. Capestany opinó que el licenciado Pérez Monfort "casi se ha recuperado en su totalidad." Sin embargo, limitó esta impresión al señalar inmediatamente que "aún se observan síntomas ligeros de tipo depresivo, probablemente transitorios y consistente con su historia pasada. Estos pueden hacerle un poco difícil

reiniciar una vida social y ocupacional, pero no lo excluyen de superarlos y tener éxito en esas áreas."

Recomendó, que en vista de las frecuentes recaídas del licenciado Pérez Monfort, se le diese seguimiento psiquiátrico a largo plazo, con visita al doctor cada tres meses, y tomar el medicamento apropiado todos los días por dos años.

A base de los informes rendidos por el Panel de Psiquiatras y el historial médico del licenciado Pérez Monfort, el Comisionado Especial determinó que el abogado Pérez Monfort padece de una condición mental tal que le impide asumir competente y adecuadamente la representación legal de sus clientes y el patrón de conducta profesional que debe observar todo abogado en el ejercicio de su profesión.

Luego de estudiado el Informe del Comisionado Especial y examinado el expediente del caso concurrimos con las determinaciones del Comisionado sobre el estado mental del licenciado Pérez Monfort y su incapacidad para ejercer la profesión de abogado. Como medida de protección social y a tenor con lo dispuesto en la Regla 15 del Reglamento del Tribunal Supremo se suspende indefinidamente y hasta que otra cosa disponga este Tribunal, al Lcdo. Froilan Oscar Pérez Monfort del ejercicio de la profesión de abogado. Esta medida no se considerará un desaforo, sino una medida especial de protección social.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


In re:


Froilan Oscar Pérez Monfort

                              TS-6573




                              SENTENCIA


San Juan, Puerto Rico, a 12 de noviembre de 1998


        Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, se suspende indefinidamente y hasta que otra cosa disponga este Tribunal, al Lcdo. Froilan Oscar Pérez Monfort del ejercicio de la profesión de abogado.  Esta medida no se considerará un desaforo, sino una medida especial de protección social.  Regla 15 del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI.

        Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.



                              Isabel Llompart Zeno
                          Secretaria del Tribunal Supremo